AO 93 Search and Seizure Warrant                                                      REDACTED

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br><br>Information associated with the cellular telephone assigned call number (805) 315-1000, with International Mobile Station Equipment Identity (IMEI) 35961900879992, that is stored at premises controlled by Verizon Wireless. | Case No.<br><br>21-293 MB |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of New Jersey:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before _October 12, 2021_ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on duty in the District of Arizona</u>.

**N/A** ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date: _Sept. 28, 2021 @ 5 pm_                                                 _/s/ Michelle Burns_
                                                                                                              *Judge's signature*

City and state: _Phoenix, Arizona_                       _Honorable Michelle H. Burns, U.S. Magistrate Judge_
                                                                                                *Printed name and title*

REDACTED

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (805) 315-1000, with International Mobile Station Equipment Identity (IMEI) 35961900879992 ("the Account"), that are stored at premises controlled by Verizon Wireless ("the Service Provider"), headquartered at Subpoena Compliance: Custodian of Records, 180 Washington Valley Road, Bedminster, NJ 07921.

## ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be Disclosed by the Service Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Service Provider, including any information that has been deleted but is still available to the Service Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Service Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period October 26, 2020 to November 3, 2020 Mountain Standard Time:

a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity

2

      Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

   i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

   ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

**II. Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § 841 (Possession with Intent to Distribute Controlled Substance), 21 U.S.C. § 843 (Illegal Use of Communication Facility), 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Controlled Substance), and 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1) (Importation of Controlled Substance), involving ANGEL OMAR BELTRAN AND JOSE GUADALUPE VELASQUEZ during the period October 26, 2020 to November 3, 2020 Mountain Standard Time.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

AO 106 Application for a Search Warrant                                                          REDACTED

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br><br>Information associated with the cellular telephone assigned call number (805) 315-1000, with International Mobile Station Equipment Identity (IMEI) 35961900879992, that is stored at premises controlled by Verizon Wireless. | Case No. 21-293MB |

## APPLICATION FOR A SEARCH WARRANT

I, Michael Walker, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

**This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A).**

located in the District of New Jersey, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| | |
|---|---|
| 21 U.S.C. § 841 | Possession with Intent to Distribute Controlled Substance |
| 21 U.S.C. § 843 | Illegal Use of Communication Facility |
| 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1) | Importation of Controlled Substance |

The application is based on the facts contained in the attached Affidavit of Michael Walker.

☒ Continued on the attached sheet.
☐ Delayed notice of __ days is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Bruce R. Van Baren

BRUCE VAN BAREN
Digitally signed by BRUCE VAN BAREN
Date: 2021.09.28 16:41:20 -07'00'

Sworn to before me and signed ~~in my presence.~~ telephonically

Date: September 28, 2021

City and state: Phoenix, Arizona

MICHAEL L WALKER
Digitally signed by MICHAEL L WALKER
Date: 2021.09.28 16:08:04 -07'00'
*Applicant's Signature*

Michael Walker, Homeland Security Investigations
*Printed name and title*

*Judge's signature*

Honorable Michelle H. Burns, U.S. Magistrate Judge
*Printed name and title*

REDACTED

## **ATTACHMENT A**

### **Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number (805) 315-1000, with International Mobile Station Equipment Identity (IMEI) 35961900879992 ("the Account"), that are stored at premises controlled by Verizon Wireless ("the Service Provider"), headquartered at Subpoena Compliance: Custodian of Records, 180 Washington Valley Road, Bedminster, NJ 07921.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be Disclosed by the Service Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Service Provider, including any information that has been deleted but is still available to the Service Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Service Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period October 26, 2020 to November 3, 2020 Mountain Standard Time:

   a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity

          Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

    vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

    viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

    i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § 841 (Possession with Intent to Distribute Controlled Substance), 21 U.S.C. § 843 (Illegal Use of Communication Facility), 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Controlled Substance), and 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1) (Importation of Controlled Substance), involving ANGEL OMAR BELTRAN AND JOSE GUADALUPE VELASQUEZ during the period October 26, 2020 to November 3, 2020 Mountain Standard Time.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Michael Walker, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application for a search warrant for information associated with a cellular telephone assigned call number (805) 315-1000, with International Mobile Station Equipment Identity (IMEI) 35961900879992 ("Target Telephone"), which is stored at premises controlled by Verizon Wireless ("the Service Provider"), a wireless telephone service provider headquartered at Subpoena Compliance: Custodian of Records, 180 Washington Valley Road, Bedminster, NJ 07921. The information to be searched is described in the following paragraphs and in Attachment A. This Affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require the Service Provider to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with Homeland Security Investigations ("HSI") and have been since September 2018. I am in the Special Investigations Group, which conducts investigations involving crimes against children, including child pornography. I have been trained to investigate cases involving the sexual exploitation of children and trafficking of children. I have written and/or participated in the execution of multiple search warrants.

3. I am an "investigative or law enforcement officer" pursuant to Title 18, United States Code, Section 2510(7), who is empowered by law to conduct investigations of or to make arrests for offenses enumerated in Title 8, United States Code (Immigration Law), Title 18, United States Code (Federal Criminal Law Generally), Title 19, United States Code (Customs Law), and Title 21, United States Code (Narcotics Law).

4. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit

is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841 (Possession with Intent to Distribute Controlled Substance), 21 U.S.C. § 843 (Illegal Use of Communication Facility), 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Controlled Substance), and 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1) (Importation of Controlled Substance), have been committed, are being committed, and will be committed by Jose Guadalupe Velasquez Rosales (VELASQUEZ). There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

**PROBABLE CAUSE**

6. On November 3, 2020, at approximately 1913 hours, Angel Omar Beltran (BELTRAN) and Jose Guadalupe Velasquez Rosales (VELASQUEZ), two United States citizens, applied for admission via vehicle primary lane number 6, at the San Luis, Arizona Port of Entry. Both subjects were traveling in a white 2001 Chevy Silverado, bearing Nevada license plate (185N13). BELTRAN presented a state of North Dakota driver's license and VELASQUEZ presented his state of California identification card, as their entry documents. BELTRAN stated he and VELASQUEZ went to Mexico to get the vehicle repaired. BELTRAN said they were traveling back home to Las Vegas, Nevada.

7. While conducting primary queries, Customs and Border Protection Officer ("CBPO") Martinez noticed that neither BELTRAN nor the vehicle had any crossings, but VELASQUEZ had three crossings through the Nogales, Arizona Port of Entry. CBPO Martinez obtained a negative verbal declaration from BELTRAN and referred BELTRAN, VELASQUEZ, and the vehicle to the vehicle secondary lot for further inspection.

8. On November 3, 2020, at approximately 1915 hours, the vehicle pulled into the vehicle secondary lot. While entering the vehicle secondary lot, CBPO Jimenez

2

performed a Z-Portal scan of the vehicle. CBPO Jimenez noticed tampering on the gas tank straps that secure the gas tank to the vehicle. CBPO Jimenez also noticed anomalies inside of the gas tank. CBPO Jimenez called over for the canine handler CEO Prado and her canine (SHIRA No. 190169) to the vehicle secondary lot for assistance. While conducting the sniff of the vehicle, CEO Prado received an alert to the driver's side back light.

9. Once CEO Prado completed her inspection, CBPO Jimenez utilized the fiber optic scope for further inspection. As the scope entered the gas tank, CBPO Jimenez noticed anomalies, and at the base of the gas tank, he saw what resembled broken glass and other crystalized material. CBPO Jimenez alerted CBPO Sanchez and CEO Prado of his findings. CBPO Jimenez believed the gas tank contained liquid methamphetamine.

10. CBPO Jimenez instructed CBPO Sanchez to put on a glove and to hold the fiber optic scope as he removed it from the gas tank. Once CBPO Jimenez fully removed the scope from the gas tank, CBPO Jimenez noticed CBPO Sanchez's glove was beginning to turn white and crystalize. CBPO Jimenez called SCBPO Rosado and CBPO Rojas to the lot to assist in verifying the finding with the GEMINI. They scoped the gas tank again, and CBPO Jimenez noticed as the scope went deeper into the gas tank, the fluid material seemed to change and a bubble formed around the tip of the scope as it entered the second fluid material. CBPO Rojas utilized a glove with a closed grip around the scope and removed it from the gas tank. CBPO Rojas's glove began to turn white and crystalize.

11. While speaking with CBPO Matthew in the secondary inspection lot, BELTRAN informed him that he and VELASQUEZ were previously in San Luis, Mexico for VELASQUEZ's birthday. BELTRAN stated that while in San Luis, Mexico, their vehicle had broken down. BELTRAN stated they left the vehicle in Mexico for repairs. BELTRAN stated that he and VELASQUEZ returned to Mexico on November 3, 2020, on foot, to get the vehicle. BELTRAN stated they were traveling home to Las Vegas, Nevada. CBPO Matthew escorted BELTRAN and VELASQUEZ to the vehicle secondary building.

12. CBPO Matthew returned to the vehicle to witness the crystal-like substance be tested with TruNarc and confirmed to be methamphetamine at 1942 hours. A contractor was contacted to remove the gas tank from the vehicle. At 2130 hours, the contractor arrived on scene to remove the gas tank. At 2135 hours, the gas tank was removed.

13. At approximately 2022 hours, BELTRAN and VELASQUEZ were arrested. During his post-*Miranda* interview, when asked about the liquid methamphetamine found in the gas tank of the vehicle in which he was a passenger, VELASQUEZ requested to speak to an attorney, and the interview ended. During his post-*Miranda* interview, BELTRAN stated that the vehicle belonged to his girlfriend and that he used it because he did not trust his own vehicle to make the trip to and from Mexico. He denied knowing that the vehicle's gas tank contained liquid methamphetamine.





16. On November 17, 2020, the Hon. John Z. Boyle, U.S. Magistrate Judge, issued a search warrant (No. 20-8319) for the Target Telephone, which was seized incident to arrest from VELASZQUEZ'S person at the San Luis, Arizona Port of Entry on November 3, 2020. (The search warrant also authorized the search of a phone seized incident to arrest from BELTRAN's person and a tablet seized incident to arrest from the vehicle in which BELTRAN and VELASQUEZ were traveling on November 3, 2020.)

17. In my training and experience, I have learned that the Service Provider is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

18. Based on my training and experience, I know that the Service Provider can collect cell-site data about the Target Telephone. I also know that wireless providers such

as the Service Provider typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

19. Based on my training and experience, I know that Verizon also collects per-call measurement data, which Verizon also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based on the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

20. Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as the Service Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the Target Telephone's user or users, and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41.

22.     I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.  Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

**MICHAEL L WALKER**
Digitally signed by MICHAEL L WALKER
Date: 2021.09.28 16:09:09 -07'00'

Michael Walker, Special Agent
Homeland Security Investigations

Subscribed electronically and sworn telephonically on 28, September, 2021 at 5 pm.

Hon. Michelle H. Burns
United States Magistrate Judge

7